IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LONGHUA WANG,<br><br>               Plaintiff<br><br>   vs.<br><br>U.S. DEPT. OF HOMELAND<br>SECURITY, ET AL.,<br><br>            Defendants. | CIV. NO. 25-00015 JAO-WRP<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART<br>DEFENDANTS' MOTION TO<br>DISMISS (ECF NO. 13) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS (ECF NO. 13)**

Plaintiff Longhua Wang ("Plaintiff") filed this mandamus and/or

Administrative Procedure Act ("APA") action for an order compelling Defendants[1]

to rule on his Form I-589, Application for Asylum and for Withholding of

Removal ("Application"). *See* ECF No. 1 at 2. Defendants move to dismiss for

---

[1] Plaintiff's complaint filed shortly before the change in Presidential
Administrations names the following Defendants: U.S. Department of Homeland
Security ("DHS"); United States Citizenship and Immigration Services ("USCIS");
Los Angeles Asylum Office of USCIS; Honolulu Field Office of USCIS;
Alejandro Mayorkas, in his official capacity as Secretary of DHS; Ur Mendoza
Jaddou, in his official capacity as Director of USCIS; Ted H. Kim, in his official
capacity as Associate Director of the refugee, asylum and international operations
directorate of USCIS; David Matthew Radel, in his official capacity as Director of
Los Angeles Asylum Office of USCIS; and Jayci Roney as Director of Honolulu
Field Office of USCIS.

lack of jurisdiction or failure to state a claim ("Motion" or "Motion to Dismiss"). *See* ECF No. 13-1 at 10.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART the Motion and DISMISSES the Complaint.  The Court grants Plaintiff leave to amend his APA cause of action, but not his mandamus claim.

## I.    BACKGROUND

Plaintiff is a native and citizen of China who fled his home country, claiming persecution and fear of returning.  *See* ECF No. ¶¶ 6, 34.  He now lives in Honolulu.  *See id.* ¶ 6.  In April 2020, Plaintiff applied for asylum with USCIS, but the Application remains pending today.  *See id.* ¶¶ 28, 33.

In January of this year, Plaintiff filed the instant action, alleging two causes of action:  one under the APA and the other for a writ of mandamus.  *See id.* ¶¶ 40–54.  Both claim that Defendants have unreasonably delayed ruling on the Application and seek an order from the Court compelling Defendants "to make a timely determination on the merit" of the Application.  *See id.*; *id.* at 11 (prayer for relief).

2

Defendants moved to dismiss the action on April 1, 2025.  *See* ECF No. 13.[2]

Plaintiff timely opposed, ECF No. 16, and Defendants filed their reply on May 6,

2025, ECF No. 17.  The Court held a virtual hearing on the matter on July 3, 2025.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may challenge the court's subject matter

jurisdiction. Fed. R. Civ. P. 12(b)(1).  Federal courts are presumed to lack subject

matter jurisdiction, and the plaintiff bears the burden of establishing that

jurisdiction is proper.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

377 (1994).  Dismissal under Rule 12(b)(1) is warranted when the plaintiff fails to

meet this burden.  *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115,

1122 (9th Cir. 2010).

A motion to dismiss under Rule 12(b)(1) can amount to a facial or factual

challenge.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.

---

[2] In their Motion, Defendants ask the Court to take judicial notice of Exhibits A –
I, submitted in support.  *See* ECF No. 13-1 at 10 n.1.  Plaintiff did not address the
request for judicial notice in his Opposition.  In resolving the instant Motion, the
Court only relied on Exhibit H (ECF No. 13-9) of Defendants' exhibits, which is a
PDF of USCIS's description of its Asylum Interview Scheduling System from its
official website.  The Court takes judicial notice of Exhibit H and denies without
prejudice the remainder of Defendants' requests.  *See Gerritsen v. Warner Bros.
Entertainment Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (noting that
courts may take notice of websites run by governmental agencies).

2004). In a facial challenge, the movant asserts that the allegations of the complaint "are insufficient on their face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In a factual attack, the court may consider evidence outside the pleadings. *See id.*

## B.    Rule 12(b)(6)

Rule 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). Under Rule 12(b)(6), the court accepts as true the material facts alleged in the complaint and construes them in the light most favorable to the nonmovant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft*, 556 U.S. at 678  (quoting and altering *Twombly*, 550 U.S. at 557).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" whereby the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, in relation to the "short and plain" fact-pleading standard required by Federal Rule of Civil Procedure 8(a)(2)).

### III.   DISCUSSION

Defendants first argue that the Court lacks jurisdiction over Plaintiff's APA claim because the Immigration and Naturalization Act ("INA")—which sets out the asylum application process—precludes judicial review and commits the timing of adjudication of such applications to the agency's discretion.  *See* ECF No. 13-1 at 21–22.  Although Plaintiff's opposition is somewhat difficult to follow, he basically responds that USCIS has a duty to act on the Application, and that he may pursue a claim that the delay has become unreasonable.  *See* ECF No. 16 at 8. In the alternative, Defendants contend that Plaintiff has failed to state a claim.  *See* ECF No. 13-1 at 23–34.

The Court concludes that it has jurisdiction over the action, but that Plaintiff has failed to plead that the delay has become unreasonable under the APA. Plaintiffs' request for mandamus likewise fails because he is not entitled to enforce the discretionary timeframes within the INA and because of the availability of a remedy through the APA.

## A.    APA

### 1.    The Court's Jurisdiction

To understand Defendants' jurisdictional attacks, the Court first briefly describes the relevant statutory framework under the INA and APA.

The INA establishes the general asylum application and review process and includes some timing provisions. *See* 8 U.S.C. § 1158(d). As pertinent here, "in the absence of exceptional circumstances" the initial asylum interview "shall" begin within 45 days of the filing of the application and the "final administrative adjudication of the asylum application, not including administrative appeal, shall be completed within 180 days after the date an application is filed." *See id.* §§ 1158(d)(5)(A)(ii), (iii). The statute also expressly forecloses any private right of action: "Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." *Id.* § 1158(d)(7).

6

Under the APA, an agency must conclude a matter "within a reasonable time." 5 U.S.C. § 555(b). The statute allows courts to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* § 706(1). "A claim under § 706(1) can reach only 'discrete agency action' that an agency is 'required to take.'" *Al Otro Lado v. Exec. Off. for Immigr. Rev.*, 138 F.4th 1102, 1113 (9th Cir. 2025) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphases omitted)).

With that framework established, Defendants argue (1) that 8 U.S.C. § 1158(d)(7) specifically bars a private right of action to enforce the timeframes in § 1158(d)(5)(A)(ii) and (iii) and thus deprives the Court of jurisdiction; and similarly, that (2) the statutory timeframes provide the agency some measure of discretion (through the exceptional circumstances language), meaning they are unenforceable under the APA. *See* ECF No. 16-1 at 21–22.

Defendants' argument that courts lack authority to enforce the specific timeframes in the INA enjoys significant support in the caselaw. *See Zhu v. Cissna*, 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019) ("[A] plain reading of the statutory text reveals Plaintiff has no private right of action to enforce the timing guidelines, and [the court] therefore concludes that [it] lacks subject matter jurisdiction under the INA to enforce the 45-day deadline for initial interviews."); *see also Yilmaz v. Jaddou*, 697 F. Supp. 3d 951, 957 (C.D. Cal. 2023) (concluding

that the court may consider a general unreasonable delay challenge but not enforce specific deadlines).[3]  But most courts dismiss such claims for lack of a private right of action, not for absence of jurisdiction.  *See Varol v. Radel*, 420 F. Supp. 3d 1089, 1097 (S.D. Cal. 2019) ("While the statute here denies Plaintiff any private cause of action under the INA, the Court retains subject matter jurisdiction." (citation omitted)); *see also Su v. Mayorkas*, 698 F. Supp. 3d 1168, 1175 (N.D. Cal. 2023) ("[C]ourts in this Circuit have repeatedly found that even if there is no private right of action to enforce the time frames set forth in 8 U.S.C. § 1158(d)(5)(A), the court may still review the agency's actions under the APA, which specifies that an agency shall not unreasonably delay any discrete agency action." (internal quotation marks and citation omitted)).  And, in any event, Defendants read Plaintiff's claims too narrowly, such that the issue is a bit of a red herring.

Defendants characterize Plaintiff's case as an attempt to enforce the specific timeframes within the INA.  And, granted, some portions of Plaintiff's complaint suggest as much, *see* ECF No. 1 ¶¶ 41, 50, but viewing his pleadings in the light most favorable to him, Plaintiff also targets the delay in adjudication of his Application as unreasonable separate and apart from those specific timeframes, *see*

---

[3]  The Court notes the absence of Ninth Circuit precedent on the question and thus relies on other District Courts' orders.

*id.* ¶ 44; ECF No. 16 at 8–10.  As read, there can be no real dispute that the Court has subject matter jurisdiction to consider Plaintiff's unreasonable delay claim under the APA.  In fact, the cases that Defendants cite in the jurisdictional portion of the Motion establish subject matter jurisdiction over such a cause.  *See Zhu*, 2019 WL 3064458, at *3–5 (noting lack of jurisdiction to enforce 45-day deadline for interview but considering whether plaintiff stated a claim for unreasonable delay under the APA or the Mandamus Act); *Alaei v. Holder*, 2016 WL 3024103, at *3 (C.D. Cal. May 26, 2016) (analyzing whether plaintiff stated a claim for unreasonable delay under the APA); *Varol*, 420 F. Supp. 3d at 1097 (same).

One court addressing the same two arguments Defendants present here persuasively sums up the jurisprudence on the question.  *See Azeez v. U.S. Dep't of Homeland Sec.*, 2024 WL 1109289, at *3 (C.D. Cal. Feb. 15, 2024).  Regarding the first argument that the INA precludes judicial review, the *Azeez* court explains:

> Section 1158(d)(7) does not deprive the Court of subject matter jurisdiction.  Unlike other statutory provisions in the Immigration and Nationality Act, Section 1158(d)(7) does not contain express "jurisdiction-stripping" language.  *Compare* 8 U.S.C. § 1158(d)(7) ("Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable[.]") *with* 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under" 8 U.S.C. § 1158(a)(2)) *and* 8 U.S.C. § 1158(b)(2)(D) ("There shall be no judicial review of a determination of the Attorney General under" 8 U.S.C. § 1158(b)(2)(A)(v)); *see also Varol*, 420 F. Supp. 3d at 1096 (concluding Section 1158(d)(7) does not expressly preclude jurisdiction).  Hence, the absence of a private right of action to

9

enforce the 45-day rule does not preclude judicial review of agency inaction under the APA. *See Tailawal v. Mayorkas*, No. CV 22-1515-SPG-RAOx, 2022 WL 4493725, at *3 (C.D. Cal. Aug. 18, 2022) (concluding "there is no statutory preclusion preventing judicial review of USCIS's inaction under the APA" where an asylum applicant "does not seek to enforce the 45-day limit" but rather "uses the time frame as an indication of the unreasonable nature of the . . . delay she has faced").

*Azeez*, 2024 WL 1109289, at *3.

As to Defendants' second argument that the agency action at issue is committed to its discretion, the *Azeez* court points out that even if the statute includes some discretion to depart from the specific timeframes, it still "contains a 'specific, unequivocal command' that USCIS" ultimately adjudicate the asylum applications. *See id.* (quoting *Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1079 (9th Cir. 2016)).  In other words, while there is some discretion as to *when* the agency adjudicates an asylum application, "that does not negate the discrete and mandatory nature of USCIS's duty to schedule the interview and to adjudicate the application." *Yan v. Dir. of L.A. Asylum Off.*, 2023 WL 4053410, at *3 (C.D. Cal. June 16, 2023) (citations omitted).

The Court thus concludes it has subject matter jurisdiction over Plaintiff's unreasonable delay claim under the APA and denies the Motion to Dismiss on this ground.

## 2.    Viability of the Claim

Defendants alternatively argue that Plaintiff has failed to state a claim for

unreasonable delay.

Courts in the Ninth Circuit apply the six-factor test articulated in

*Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70 (D.C. Cir.

1984) ("*TRAC*") "[to] determine whether an agency's delay is unreasonable under

the APA." *See Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (citation omitted).

These factors are:

> (1) the time agencies take to make decisions must be governed
> by a rule of reason;
>
> (2) where Congress has provided a timetable or other indication
> of the speed with which it expects the agency to proceed in the
> enabling statute, that statutory scheme may supply content for
> this rule of reason;
>
> (3) delays that might be reasonable in the sphere of economic
> regulation are less tolerable when human health and welfare are
> at stake;
>
> (4) the court should consider the effect of expediting delayed
> action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent
> of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency
> lassitude in order to hold that agency action is unreasonably
> delayed.

*In re Pesticide Action Network N. Am., Nat. Res. Def. Council, Inc.*, 798 F.3d 809,

813 (9th Cir. 2015) (citing *TRAC*, 750 F.2d at 79–80 (citations and internal

quotation marks omitted)).  "The most important [*TRAC* factor] is the first factor, the 'rule of reason,' though it, like the others, is not itself determinative." *In re A Cmty. Voice* , 878 F.3d 779, 786 (9th Cir. 2017) (citation omitted).

Before addressing the *TRAC* factors, the Court highlights a divide among district courts about whether to conduct the analysis at the motion to dismiss stage. *See Dawod v. Garland*, 2023 WL 8605320, at *6 (C.D. Cal. Aug. 10, 2023) (describing the disagreement).  On one side, courts note that "the *TRAC* test is fact-intensive," such that "it is premature to rule on the issue of whether Plaintiff has satisfied the *TRAC* test at the pleading stage." *Zhou v. Mayorkas*, 2024 WL 5047475, at * 4 (C.D. Cal. Oct. 25, 2024) (citations omitted); *see also Fang v. Radel*, 2024 WL 3467795, at *4 (C.D. Cal. Mar. 21, 2024) ("The *TRAC* factor analysis . . . is necessarily fact-intensive, and is thus more appropriately applied after the commencement of discovery rather than at the pleading stage." (citations omitted)).  On the other, courts "routinely engage in *TRAC* analysis at the pleading stage to assess the sufficiency of the pleadings." *Baizakova v. Jaddou*, 2024 WL 3063227, at *5 (C.D. Cal. June 14, 2024) (collecting cases).  Those "courts have found it appropriate to dismiss cases when asylum applicants seeking to expedite delayed action have not alleged facts that undermine USCIS's claim of reasonableness." *Ma v. Jaddou*, 2022 WL 17254783, at *4 (C.D. Cal. Sept. 26, 2022).  The Court finds the latter approach more persuasive and follows those

12

courts that "conclude[] that a plaintiff must allege sufficient facts that, if true, suggest that the *TRAC* factors will support the conclusion that the agency's delay is unreasonable." *Dawod*, 2023 WL 8605320, at *7. Otherwise, any claim of unreasonable delay, no matter "how short or justified" would survive the pleading stage. *See id.*

Based on the Complaint's allegations and the judicially noticeable information, the Court concludes Plaintiff has failed to state a claim.

The first and most important factor—whether USCIS's scheduling system is governed by a "rule of reason"—weighs in favor of Defendants. A rule of reason is "an identifiable rationale for the agency's actions." *Ray v. Cuccinelli*, 2020 WL 6462398, at *9 (N.D. Cal. Nov. 3, 2020) (internal quotation marks omitted). In analyzing the first factor, courts also consider the length of the delay. *Dawod*, 2023 WL 8605320, at *8.

Defendants contend that its "Last-in, First-Out" or "LIFO" scheduling system constitutes a rule of reason. *See* ECF No. 13-1 at 24. Under the LIFO system, the most recently filed asylum applications are prioritized when scheduling affirmative asylum interviews. *See* ECF No. 13-9 (*Affirmative Asylum Interview Scheduling*, U.S. Citizenship and Immigration Services, https://www.uscis.gov/humanitarian/refugees-and-asylum/asylum/affirmative-asylum-interview-scheduling [https://perma.cc/MKE4-9C8L] (last visited July 3,

2025)).  This process was established to "deter individuals from using the asylum

backlog solely to obtain employment authorization by filing frivolous, fraudulent,

or otherwise non-meritorious asylum applications."  *Id.*  While Defendants

acknowledge a backlog of applications, they maintain that such delays do not alone

demonstrate that LIFO is not a rule of reason.  ECF No. 13-1 at 25.  Plaintiff seems

to argue just that, that LIFO is unreasonable because it causes excessive delays.

*See* ECF No. 16 at 10.

Notwithstanding any backlog allegedly exacerbated by the LIFO system,

courts in the Ninth Circuit have consistently found LIFO scheduling to be a rule of

reason.  *Varol*, 420 F. Supp. 3d at 1097; *Teymouri v. U.S. Citizenship & Immigr.*

*Servs.*, 2022 WL 18717560, at *4 (C.D. Cal. Jan. 31, 2022).  Those courts have

explained that the LIFO system acts as a "sensible administrative response" to the

influx of meritless applications.  *See Varol*, 420 F. Supp. 3d at 1097.  Defendants

further contend that LIFO "remains an effective tool to discourage meritless filings

to obtain employment authorization documents."  ECF No. 13-1 at 25.

Nonetheless, Plaintiff's basic position—that the five-year delay on his

application demonstrates LIFO's unreasonableness—merits consideration.  *See*

ECF No. 16 at 10.  For motions to dismiss on this issue, courts generally examine

whether the length of the delay has become "untethered from any discernible rule

of reason."  *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1072 (N.D. Cal. 2014)

(internal quotation marks and citation omitted); *see Denisov v. Mayorkas*, 2024 WL 3522047, at *6 (N.D. Cal. July 23, 2024). "District courts in this circuit have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Denisov*, 2024 WL 3522047, at *6 (internal quotation marks and citation omitted); *see also Teymouri*, 2022 WL 18717560, at *4; *see also Ma*, 2022 WL 17254783, at *4. While the Court sympathizes with Plaintiff about his lengthy delay, and notes that his claim is borderline, the mere fact of an approximately five-year delay is insufficient at this point to suggest that LIFO is not a rule of reason. Therefore, the first factor weighs in favor of Defendants.

The second TRAC factor considers whether Congress has provided a timetable with which it expects the agency to act. *See Su*, 698 F. Supp. 3d at 1177. In the context of asylum applications, Congress has provided clear timetables in 8 U.S.C. § 1158(d)(5), but as several courts have found, such timing requirements are discretionary. *See Denisov*, 2024 WL 3522047, at *6 (explaining that the "timing requirements are not mandatory and do not outweigh the rule of reason which supports the USCIS policies which have caused the challenged delays" (internal quotation marks and citation omitted)); *see also Dawod*, 2023 WL 8605320 at *10; *Varzaghani v. Mayorkas*, 2024 WL 2952141, at *4 (C.D. Cal. June 5, 2024). Here, because the USCIS retains discretion regarding timing, and

because of the lack of a private right of action to enforce the timelines, the Court

finds the second factor is neutral.  *See Dawod*, 2023 WL 8605320, at *10.

Factors three and five consider the human health and welfare at stake and the

interests prejudiced by the delay.  *Su*, 698 F. Supp. 3d at 1178.  Because these

factors overlap, the Court will consider them together.  *See id.*  Here, Plaintiff

alleges that he is suffering "irreparable harm . . . mentally and physically while

waiting in a prolonged time in an unsettled situation in the U.S."  ECF No. 1 ¶ 34.

he also raises the fact that his family is "still in China [a]waiting the adjudication

of the application," *id.* ¶ 35, and argues he has suffered due to his inability to

"rescue his family members who may still be facing harms to their health and

welfare in the country of persecution," *see* ECF No. 16 at 11–12.  Defendants

argue that Plaintiff has failed to allege specific facts distinguishing himself from

other applicants similarly awaiting adjudication.  ECF No. 13-1 at 28.

While the Court sympathizes with the uncertainty Plaintiff endures, his

vague allegations do not demonstrate any specific risk to human health or welfare

that would differentiate his from any other similarly-situated applicants.  *See*

*Teymouri*, 2022 WL 18717560, at *4; *Yilmaz*, 697 F. Supp. 3d at; *Su*, 698 F. Supp.

3d at 1178.  Even in cases where a plaintiff alleges more specific health concerns,

courts typically find that this factor favors defendants.  *Yilmaz*, 697 F. Supp. 3d at

960 (reasoning that the third and fifth factors favored the defendants despite

plaintiff's allegations that, as a result of the delay, his wife had a cancerous tumor, multiple surgeries, and chronic pain).  Therefore, the Court finds that factors three and five favor Defendants.

The fourth TRAC factor considers the agency's competing priorities, which here, means review of the other asylum applications that have been filed.  *Su*, 698 F. Supp. 3d at 1179.  Plaintiff contends that older applications should have priority, *see* ECF No. 16 at 13, but this contention fails to acknowledge that there are likely many pending applications that were filed before Plaintiff's.  As many courts have recognized, the effects of prioritizing the adjudication of one person's application would only "prejudice all other asylum applications that have been pending review and adjudication for as long, if not longer."  *Dawod*, 2023 WL 8605320, at *8; *Baizakova*, 2024 WL 3063227, at *6.  Plaintiff's argument also infringes on the agency's discretion regarding resource allocation.  *See Dawod*, 2023 WL 8605320, at *8.  For these reasons, the Court finds that the fourth factor weighs in favor of Defendants.

The final TRAC factor confirms that a finding of impropriety is not necessary to hold that a delay is unreasonable.  *Id.* at *10.  Because Plaintiff does not allege impropriety, the Court finds that this factor is neutral.  *See Yilmaz*, 697 F. Supp. 3d at 961.

The Court thus concludes that the first, third, fourth, and fifth *TRAC* factors favor Defendants while the second and sixth are neutral.  Plaintiff thus fails to allege a claim for unreasonable delay under the APA.

**B.    Mandamus**

Plaintiff's mandamus cause of action is effectively co-extensive with his APA claim but fails for different reasons.  *Compare* ECF No. 1 ¶¶ 40–45 *with* ¶¶ 46–54.

The Mandamus Act provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "Mandamus is an extraordinary remedy and is available . . . only if:  (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."  *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998) (citation omitted).  Even if the test is met, a district court may deny relief as a matter of discretion.  *See Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003).

Plaintiff fails to satisfy the first and third elements of the test, either one of which is dispositive.  "Unlike with respect to the APA claim, district courts appear unanimous that a claim involving the delayed processing of asylum applications

18

may not proceed under the Mandamus Act because such a claim is not 'clear and certain' as required by the first prong of the test." *Dawod*, 2023 WL 8605320, at *6 (citations omitted).  The courts invariably reason that "8 U.S.C. § 1158(d)(5)(A) cannot provide a basis for mandamus relief because, as previously discussed, the INA expressly precludes a private right of action to enforce those timing requirements." *Denisov*, 2024 WL 3522047, at *4 (collecting cases).  Further, when a plaintiff has an effectively identical APA claim, there is an adequate remedy and plaintiff cannot meet the third prong.  *See Dawod*, 2023 WL 8605320, at *6 (citing *Vaz*, 33 F.4th at 1135); *see also Yilmaz*, 697 F. Supp. 3d at 958 ("To the extent Plaintiff's Mandamus Act claim seeks to enforce USCIS' more general obligation to adjudicate asylum applications within a reasonable time under 5 U.S.C. section 555, such a claim runs afoul of the third . . . requirement:  that no other remedy is available . . . because such a claim completely overlaps with Plaintiff's APA claim." (citing *Sharkey v. Quarantillo*, 541 F.3d 75, 93 (2d Cir. 2008))).

The Court thus grants the Motion as to Plaintiff's Mandamus Act claim.

## C.    Leave to Amend

Dismissal should be with leave to amend "unless it is clear . . . the complaint could not be saved by any amendment."  *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655 (9th Cir. 2017) (internal quotation marks and citation omitted).

Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted). Stated differently, leave to amend is proper if amendment would be "futile." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

District courts considering challenges like Plaintiff's vary widely on whether to grant leave to amend. Those that deny leave to amend note that plaintiffs are unable to change the facts underlying the *TRAC* factor analysis, like the existence of the LIFO system or the approximate length of delay. *See, e.g.*, *Baizakova*, 2024 WL 3063227, at *8 (dismissing without leave to amend but without prejudice and collecting cases that have done the same). Other courts are hesitant to deny leave to amend "when pleading deficiencies have not been previously addressed," even if they are skeptical of plaintiffs' ability to cure the deficiencies. *Ma*, 2022 WL 17254783, at *5.

Here, during the hearing, Plaintiff's counsel alluded to additional facts he had not alleged in the initial complaint that may affect the Court's analysis of the third and fifth *TRAC* factors, including details about custody of children in China. Further, because the Court has not yet considered the merits of Plaintiff's pleadings, and because his five-year delay is on the borderline of those found

20

unreasonable, the Court will grant leave to amend the APA claim to give Plaintiff a chance to allege additional facts to potentially "change the calculus under the *TRAC* factors." *Dawod*, 2023 WL 8605320, at *10. The Court denies leave to amend on Plaintiff's mandamus claim because amendment would be futile.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss. The Court DENIES the Motion to the extent it challenges the Court's jurisdiction, but GRANTS it based on Plaintiff's failure to state a claim. The Court similarly grants Plaintiff leave to amend his claim under the APA but denies leave to amend the mandamus claim. The deadline for Plaintiff to file an Amended Complaint is July 24, 2025.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 3, 2025.



Jill A. Otake
United States District Judge

CIV. NO. 25-00015 JAO-WRP, *Wang v. Dep't of Homeland Sec.*; Order Granting in Part and Denying in Part Motion to Dismiss (ECF No. 13)